IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERTO CHAIREZ,<br>    ID # 15248-509,<br>        Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | No. 3:23-CV-2029-M-BH<br>No. 3:20-CR-495-M(1)<br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Defendant's Motion for Extension of Time to File His Motion to Vacate, Set Aside, or Correct Sentence, Pusuant* [sic] *to 28 U.S.C. §2255*, received on September 6, 2023 (doc. 1). Based on the relevant filings and applicable law, this habeas action should be **DISMISSED** for lack of jurisdiction.

### I.   BACKGROUND

On April 13, 2022, Roberto Chairez (Movant), an inmate in the federal prison system, was convicted by a jury of one count of attempted possession with intent to distribute a controlled substance in violation of 18 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* No. 3:20-CR-495-M(1), docs. 39, 60, 79.) By judgment entered September 1, 2022, he was sentenced to an aggregate term of 144 months' imprisonment, to be followed by four years of supervised release. (*See id.*, doc. 79 at 1-3.) On June 15, 2023, the judgment was affirmed on appeal. *See United States v. Chairez*, No. 22-10856, 2023 WL 4044445 (5th Cir. June 15, 2023). He did not file a petition for a writ of certiorari with the Supreme Court of the United States.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

Movant now seeks a 90-day extension of time to file his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 because "he has just recently become aware that his Conviction/Sentence was obtained under a Constitutional violation that resulted in the Fundamental Miscarriage of Justice and/or incarceration of an ACTUALLY INNOCENT Defendant." (doc. 1 at 1 (emphasis in original).) He also explains that he is representing himself *pro se*, he "has no training in the field of law and needs the additional time to research his recent discovery," and he "has access to a limited library" with four computers shared among 125 inmates and limitations on computer time usage. (*Id.* at 2.)

## II.  JURISDICTION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. It applies to all § 2255 motions filed after its effective date. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). One of the ways that Title I of the AEDPA substantially changed the way federal courts handle habeas corpus actions was by imposing a one-year statute of limitations. *See* 28 U.S.C. § 2255(f).[2]

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling). A movant is entitled to

---

[2] Section 2255(f) states that the 1-year limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *See id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation and internal quotation marks omitted), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

Section 2255 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Federal courts lack jurisdiction to consider the timeliness of a § 2255 motion until it is actually filed. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005) (per curiam) ("Before the [§ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'"); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010, at *1 (N.D. Tex. Dec. 23, 2008) ("Federal courts do not 'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'") (quoting *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982)) (other citations omitted). A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Gray*, 2008 WL 5385010, at *1 (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977)) (other citations omitted).

Here, a ruling on Movant's motion for an extension of time will require an advance determination of whether the motion will be time-barred, and whether equitable tolling is applicable. As noted, § 2255 does not authorize a prospective extension of the statute of limitations. There is no concrete dispute to be decided. Accordingly, the Court lacks subject matter jurisdiction

to grant any relief.

### III.    RECOMMENDATION

This action should be **DISMISSED** for lack of jurisdiction, unless within the fourteen-day period for objecting to this recommendation, or some other deadline set by the Court, the movant submits a § 2255 motion.[3]

**The Clerk of the Court shall mail Movant a standard form for cases filed under 28 U.S.C. § 2255, with the case number included on the form.**

**SIGNED this 15th day of September, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Any motion will still be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2255(f)(1).